**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **CRYPTOPEAK SOLUTIONS, LLC,** | |
| Plaintiff, | Case No. 2:15-cv-1306 |
| v. | **PATENT CASE** |
| **PETSMART INC., AND PETSMART STORE SUPPORT GROUP, INC.,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

Plaintiff CryptoPeak Solutions, LLC files this Complaint against PetSmart Inc., and PetSmart Store Support Group, Inc., for infringement of United States Patent No. 6,202,150 (the "'150 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff CryptoPeak Solutions, LLC ("Plaintiff" or "CryptoPeak"), is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 211 E. Tyler St., Suite 600-A, Longview, Texas 75601.

4. Upon information and belief, Defendant PetSmart Inc., is a Delaware corporation with a principal office located at 19601 North 27th Avenue, Phoenix, Arizona 85027.

5. Upon information and belief, Defendant PetSmart Store Support Group, Inc., is a Delaware corporation with a principal office located at 19601 North 27th Avenue, Phoenix, Arizona 85027.

6. PetSmart Inc., and PetSmart Store Support Group, Inc., are collectively referred to as "Defendants".

7. This Court has personal jurisdiction over Defendants because Defendants have committed, and continue to commit, acts of infringement in the state of Texas, have conducted business in the state of Texas, have directed an interactive website at Texas, and/or have engaged in continuous and systematic activities in the state of Texas.

8. On information and belief, within the State of Texas and the Eastern District of Texas, Defendants have made, had made, and/or used the patented invention with the website(s) and functionality identified herein below. In addition, on information and belief, Defendants have derived substantial revenues from their infringing acts within the State of Texas and the Eastern District of Texas.

9. Defendants are related companies that are both part of a common corporate family, and therefore their joinder as co-defendants is proper in this case.

## VENUE

10. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendants are deemed to reside in this district. In addition, and in the alternative, Defendants have committed acts of infringement in this district.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 6,202,150)

11. Plaintiff incorporates paragraphs 1 through 10 herein by reference.

12. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

13. Plaintiff is the owner by assignment of the '150 Patent with sole rights to enforce the '150 Patent and sue infringers.

14. A copy of the '150 Patent, titled "Auto-Escrowable and Auto-Certifiable Cryptosystems," is attached hereto as Exhibit A.

15. The '150 Patent is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

16. The '150 Patent is a prominent patent in its field. It has been forward-cited as prior art in connection with the examination of at least 20 subsequently-issued U.S. patents, including patents originally assigned to such prominent technology companies as Microsoft, HP, General Instrument, Ricoh and Sungard.

**(Direct Infringement)**

17. Upon information and belief, Defendants have infringed and continue to directly infringe one or more claims of the '150 Patent, including at least claim 1, by actions comprising making, having made, and/or using one or more websites that operate in compliance with the standards of Elliptic Curve Cryptography ("ECC") Cipher Suites for the Transport Layer Security ("TLS") protocol (the "Accused Instrumentalities"). A representative example of a website of Defendants that operates in compliance with this standard is www.petsmart.com.

18. Defendants' actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

19. Plaintiff is in compliance with 35 U.S.C. § 287.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

b) Enjoin Defendants, their agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendants who receive notice of the order from further infringement of United States Patent No. 6,202,150 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

c) Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

d) Declare this an "exceptional case" pursuant to 35 U.S.C. § 285 and award Plaintiff its attorney's fees and any other appropriate relief;

e) Award Plaintiff pre-judgment and post-judgment interest and costs; and

f) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: July 17, 2015	Respectfully submitted,

         */s/ Craig Tadlock*
Craig Tadlock
State Bar No. 00791766
John J. Harvey, Jr.
State Bar No. 09179770
Keith Smiley
State Bar No. 24067869
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
903-730-6789
craig@tadlocklawfirm.com
john@tadlocklawfirm.com
keith@tadlocklawfirm.com

***Attorneys for Plaintiff CryptoPeak Solutions, LLC***